UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

v.                                                          5:03cr59/MCR

FREDDY J. WILLIAMS,

      Defendant.

_____/

O R D E R

This matter is before the court on defendant Freddy J. Williams' motion to vacate the judgment of conviction against him and dismiss the indictment (doc. 214), to which the government has responded in opposition (doc. 216). For the reasons that follow, the court DENIES defendant's motion.

BACKGROUND

On June 16, 2004, after trial by jury, Williams was found guilty of unlawfully dispensing controlled substances, unlawfully dispensing a controlled substance resulting in death, mail fraud, wire fraud, health care fraud, conspiracy, and possession of a firearm by a convicted felon. Williams was sentenced on September 1, 2004, to two concurrent terms of life imprisonment as well as concurrent terms of imprisonment ranging from 60 to 240 months on the ninety-four counts of conviction. Williams was also ordered to pay more than two million dollars in restitution.

Williams appealed his convictions and sentence to the Eleventh Circuit Court of Appeals under various rationales including, among others, that the indictment was insufficient, the jury instructions were flawed, and his sentence violated the United States Supreme Court's holding in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). On April 13, 2006, the Eleventh Circuit issued its opinion, in which it affirmed Williams' convictions on all ninety-four counts. United States v. Williams, 445 F.3d 1302 (11th Cir. 2006). Nonetheless, the Court still remanded the case to the district court in order to re-sentence Williams in accord with the requirements of Booker. Id. at

1310.  The Court, however, excluded from this re-sentencing the district court's restitution order, concluding that Booker did not extend to such orders.  Id.

On June 11, 2006, before his scheduled re-sentencing could occur, Williams died.[1] On July 21, 2006, counsel for defendant Williams filed the instant motion seeking to vacate the judgment of conviction and dismiss the indictment on the grounds that the rule of abatement should apply to Williams.

DISCUSSION

Counsel for defendant Williams asserts in his motion that Williams' judgment should be vacated and his indictment dismissed because Williams died before he could be re-sentenced by the district court.  In making this assertion, Williams relies upon the "well-settled principle of law that all criminal proceedings abate ab initio when the defendant dies pending direct appeal of his criminal conviction."  United States v. Schumann, 861 F.2d 1234, 1236 (11th Cir. 1988) (citing United States v. Pauline, 625 F.2d 684, 684 (5th Cir. 1980); United States v. Siano, 463 F.2d 778, 778 (5th Cir. 1972)).  This principle of abatement has been universally adopted in cases before the Eleventh Circuit and requires the court of appeals to dismiss the criminal appeal and remand the case to the district court with instructions to "vacate the judgment and dismiss the indictment."  Schumann, 861 F.2d at 1236; see also United States v. Romano, 755 F.2d 1401, 1402 (11th Cir. 1985).  The Eleventh Circuit has expanded this general rule to include the situation where a defendant dies pending the government's petition for rehearing.  Romano, 755 F.2d at 1402.  Finally, the Eleventh Circuit has held that the rule of abatement applies to orders of restitution. United States v. Logal, 106 F.3d 1547 (11th Cir. 1997).[2]

Williams' assertion that the rule of abatement is applicable to his case is incorrect. It is not supported by law and it is not required by the interests of justice.

---

[1] Williams suffered from terminal cancer.  He was originally scheduled to be re-sentenced on June 27, 2006, in Pensacola, Florida.  On June 8, 2006, however, the court advised the parties of its intention to conduct the re-sentencing hearing at Fort Butner, North Carolina, where Williams was confined, because of Williams' inability to travel, his declining health, and expected, impending death.  Williams died before a new date for re-sentencing in North Carolina could be set.

[2] This view is not universally held by other circuits.  Other circuits have only required the abatement of restitution awards that are punitive, while still requiring the payment of those considered to be compensatory or have held that restitution awards are presumptively compensatory.  See, e.g., United States v. Dudley, 739 F.2d 175, 177 (4th Cir. 1984); United States v. Asset, 990 F.2d 208 (5th Cir. 1993), cited in Logal, 106 F.3d at 1552.

First, Williams has failed to fulfill the requirements for the rule of abatement as defined in the common law.  As the Eleventh Circuit has explained, and as quoted by Williams in his motion, the rule of abatement is only applicable when a defendant dies "pending direct appeal of his criminal conviction." Schumann, 861 F.2d at 1236.[3]  As is clear from the procedural history of this case, Williams did not die "pending" direct appeal of his criminal conviction.  At the time of his death, the Eleventh Circuit had already heard Williams' appeal and ruled upon it,  affirming Williams' convictions and the restitution order entered by the district court.  The only issue remaining for the district court was to re-sentence Williams in accordance with the Supreme Court's holding in Booker.  Such a re-sentencing would not have undone Williams' convictions, and Williams would not have had "an appeal of right from his convictions," Oberlin, 718 F.2d at 896, after his re-sentencing.  Thus, when Williams died, his convictions were final, and no appeal of these convictions was pending or even possible.[4]

Williams, however, seeks to assert a novel interpretation of the rule of abatement that would hold that abatement applies after appeal, so long as sentence has yet to be imposed.  In making his argument, William relies upon the Eleventh Circuit's holding in United States v. One Parcel of Real Estate, 214 F.3d 1291 (2000), for its statement that "[t]he purpose of the abatement rule is to protect the deceased defendant from being branded a felon without his conviction having become final." 214 F.3d at 1294.  Williams then attempts to link One Parcel's protection of defendants before their convictions

---

[3]The Ninth Circuit, in United States v. Oberlin, explains that "pending" means the defendant "possessed an appeal of right from his conviction."  718 F.2d 894, 896 (1983).  Accordingly, abatement applies to defendants who have filed notices of appeal and to those who die before they are able to file a notice of appeal, but who had the right to file such a notice.

[4]The court recognizes that while Williams would not have been able to appeal his convictions after re-sentencing, Williams would have been able to appeal the district court's re-determination of his sentence.  However, this is not sufficient to invoke the rule of abatement.  All persuasive, recorded cases the court could find that dealt with abatement conditioned it solely on an appeal of right of a defendant's conviction, not his sentence.  The court is not convinced that it should or has the authority to expand the rule of abatement beyond its traditional bounds.  It is supported in this conclusion by the precedent of at least one circuit as well as the District of Columbia Court of Appeals.  United States v. DeMichael, 2006 WL 2473476, *2 (3d Cir. Aug. 29, 2006) (holding that the rule of abatement did not apply to a defendant who waived his right to appeal his conviction and was only contesting a fine imposed as part of his sentence); West v. United States, 659 A.2d 1260, 1263 (D.C. 1995) (holding that abatement did not apply when defendant had appealed his convictions and they had been affirmed).

become final with the precedent of Flynt v. Ohio, 451 U.S. 619 (1958), and Teague v. Lane, 489 U.S. 288 (1989), to reach the conclusion that a conviction is not final until sentence is imposed.

These cases, however, are inapposite.  The quotation from Flynt refers to the finality of a state court judgment for purposes of ripeness for review by the United States Supreme Court, while Teague refers to the finality of conviction for purposes of seeking a writ of habeas corpus.  Neither of these issues are related to the rule of abatement as presented here and Williams offers no case which is related or that has applied the standard of finality used in Flynt or Teague to the rule of abatement.[5]  Moreover, the Eleventh Circuit has clearly defined "finality" for purposes of abatement: "a criminal conviction is not final until resolution of the defendant's appeal as a matter of right."  United States v. Logal 106 F.3d at 1552 (citing Griffin, 351 U.S. at 18).  Under this definition, Williams' conviction is final, as the Eleventh Circuit has heard Williams' appeal and affirmed Williams' conviction on all counts.[6]

Second, in addition to failing to meet the common law requirements for abatement, Williams does not present any equitable justification for expanding the rule of abatement to include defendants like himself.  The Eleventh Circuit[7], along with many others[8], has adopted the position that abatement is appropriate only where a defendant, because of death, has been deprived of the right to have an appeal of his conviction decided on the merits.  As has been explained by the Seventh Circuit:

[W]hen an appeal has been taken from a criminal conviction to the court of

___

[5]The one case that Williams does cite in support of his interpretation is People v. Smith, 315 N.Y.S.2d 548 (N.Y. App. Div. 1970).  However, as the Government points out, this case is not binding on this court and its persuasive authority is minimal.  The New York court gives no rationale for its determination and it relies on two New York cases (also with no binding authority) that both deal with situations where the defendant's appeal is still pending. See People v. Mintz, 229 N.E.2d 712 (N.Y. 1967); People v. Tong, 28 A.D.2d 999 (N.Y. App. Div. 1967).

[6]In addition, the holding of One Parcel actually refutes Williams' argument.  In that case, the Eleventh Circuit determined that the rule of abatement was not applicable because the issue of the "guilt" of the property in question and the failure of the decedent to show that she was an innocent owner of the property had already been established by a prior final appeal and thus could not be questioned in the instant proceeding.  One Parcel, 214 F.3d at 1294.

[7]See, e.g., Logal, 106 F.3d at 1552.

[8]See, e.g., United States v. Pogue, 19 F.3d 663, 665 (D.C. Cir.. 1994); United States v. Christopher, 273 F.3d 294, 296-297 (3d Cir. 2001); Pauline, 625 F.2d at 685; Oberlin, 718 F.2d at 896.

appeals  and death has deprived the accused of his right to our decision, the interests of justice ordinarily require that he not stand convicted without resolution of the merits of his appeal, which is an "integral part of (our) system for finally adjudicating (his) guilt or innocence."

U.S. v. Moehlenkamp, 557 F.2d 126, 128 (7th Cir. 1977) (quoting Griffin v. Illinois, 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956)).  The merits of Williams' appeal have been determined and his convictions affirmed.  He has not been deprived of his right to the Court of Appeals' decision.  Therefore, the "interests of justice" do not require abatement in this case.  Further, the Seventh Circuit's description of the purpose of abatement, as expressed in Moehlenkamp, makes clear that the intent of the rule is to protect those who, because of death, have been deprived of their right to a final adjudication of their guilt or innocence.  Williams does not fall into this category of defendants and he is not entitled to the protection of abatement.

Accordingly, it is hereby ordered that Defendant Williams' motion to vacate judgment and dismiss indictment (doc. 214) is DENIED.

DONE AND ORDERED on this 7th day of September 2006.

s/ *M. Casey Rodgers*

M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE